UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHNTA WALLACE, <br>     ISF 16-12-0278, <br><br>         Petitioner, <br><br> vs. <br><br> SUPERINTENDENT, <br> Putnamville Correctional Facility, <br><br>         Respondent. | Case No. 2:17-cv-0289-WTL-MJD |

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Johnta Wallace for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF-16-12-0278. For the reasons explained in this Entry, Mr. Wallace's habeas petition must be **denied**.

    **A.**     **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On December 17, 2016, Sergeant K. Fervida wrote a Conduct Report charging Mr. Wallace with possession of a cellular telephone. The Conduct Report states:

> On Saturday 12/17/2016 at approximately 1350 I Sergeant K. Fervida #206 was reviewing video footage of dorm 12 South "C" side Cube 4-5 while in the Captains Office. Upon reviewing the video footage I Sergeant K. Fervida observed the following. Offender Wallace, Johnta #988350 at approx. 1324, reached in his shorts with his right hand and pulled out what appeared to be a cellular device and placed it in offender Roberson, Spencer #965201 blue knitted hat. Offender Roberson #965201 opened his blue knitted hat, so that offender Wallace #988350 could place what appeared to be a cellular device in the blue knitted hat at bunk 12S-49LC. After reviewing the video footage I Sergeant K. Fervida went to 12S-49LC and searched the property and found a blue knitted hat. Upon searching the blue knitted hat I Sergeant K. Fervida found a black and green cellular device with IME/1: 358180225473071 and IME/2: 358180225574084, I also found a white powdery substance folded in paper that appeared to be in magazine paper. I Sergeant K. Fervida notified offender Wallace, Johnta #988350 of this conduct report and identified him by his State issued identification

Dkt. No. 1-1 at 1.

Mr. Wallace was notified of the charge on December 20, 2016 when he received the Screening Report. He pled not guilty to the charge, put in a statement that "I didn't put it in there," and requested Mr. Roberson as a witness. Dkt. No. 11-2 at 1. Mr. Roberson provided the following statement: "At no time did Mr Wallace hand me a cellular device" Dkt. No. 11-3 at 1.

The hearing officer viewed the video evidence and completed a summary of the video, which states:

> On 12.17.2016 at approximately 13.24.45 Offender Wallace, Johnta Doc 988350 can be seen standing next to bed 49LC and reaching into the front of his black shorts with his right arm and pulling out an unknown item and placing it into a blue stocking cap that Offender Roberson, Spencer Doc 965201 has held open. At Approximately 13.24.5, Offender Robertson, then places the stocking cap underneath the pillow on bed 49LC.

Dkt. No. 1-1 at 3; Dkt. No. 11-4 at 1 (capitalization modified).

The disciplinary hearing was held on December 29, 2016. According to the notes from the hearing, Mr. Wallace stated at the hearing that he "never possessed a cell phone" and claims that he "bent down and picked up a wave cup." Dkt. No. 11-7 at 1. He also submitted two written statements. Dkt. No. 11-8. Based on the staff reports, Mr. Wallace's statement, Mr. Roberson's statement, and the video evidence, the hearing officer found Mr. Wallace guilty. The sanctions imposed included, among other things, 180 days earned-credit-time deprivation and a suspended credit-class demotion.

Mr. Wallace appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition, Mr. Wallace lists three grounds on which he challenges his prison disciplinary conviction. The respondent correctly points out that Mr. Wallace's three grounds amount to one distinct claim as to the sufficiency of the evidence. Mr. Wallace filed a reply brief in which he raised an additional ground that his due process rights were denied. Mr. Wallace also appeared to raise an allegation that the hearing officer was impartial as she was also responsible for reviewing the video and that her written reason for her determination was inadequate. The Court will address each of Mr. Wallace's claims in turn.

1.     <u>Sufficiency of the Evidence</u>

Mr. Wallace argues that the evidence was insufficient. Specifically, he argues that there is no evidence that he ever possessed a cell phone. In support, he raises three issues: (1) Sergeant K. Fervida allegedly provided conflicting statements in his conduct report for possession of cell phone (ISF-16-12-0278), in which Sergeant Fervida identified a cell phone,

and the second conduct report for possession of controlled substance (ISF-16-12-0427), in which Sergeant Fervida identified unknown items; (2) the video summary only identifies an "unknown item" and not a cell phone; and (3) the gap of 26 minutes between the video footage and when the actual phone was located – there is no documentation as to what Roberson did in the intervening 26 minutes or to authenticate that the blue hat that the cell phone was found in is the same blue hat from the video.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Code A-121 is entitled "Use and/or Possession of Cellular Telephone or Other Wireless or Cellular Communications Device," and is defined as "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Court viewed the video evidence and it, along with the Conduct Report, constitute some evidence that Mr. Wallace possessed a cell phone. It is undisputed that Mr. Wallace approached Mr. Roberson's

bunk with his right arm deep down in his shorts, looked around, waited until Mr. Roberson pulled out his hat, before retrieving an object out of his shorts and quickly placing the object into the hat held open by Mr. Roberson. Manual *Ex Parte* Ex. K to Dkt. No. 11; Dkt. No. 1-1 at 3; Dkt. No. 11-4 at 1. Shortly thereafter, when Sergeant Fervida went to inspect the bunk, he found a phone and a white powdery substance inside the hat. By inference, Sergeant Fervida was able to connect the items he found inside the hat to the objects transferred in the video. This evidence is sufficient to satisfy the "some evidence" standard. *See Hill*, 472 U.S. at 455-56.

Although the cell phone was found in Mr. Roberson's hat in Mr. Roberson's bunk, it is undisputed that there was some furtive transaction in which Mr. Wallace placed something in his possession into Mr. Roberson's hat. Mr. Wallace suggested at his hearing that he "bent down and picked up a wave cup." This defense is unavailing – on review of the video, Mr. Wallace does not bend down to pick up an object at any time.

In his petition, Mr. Wallace argues that Sergeant K. Fervida allegedly provided conflicting statements in his conduct report for possession of cell phone (ISF-16-12-0278), in which Sergeant Fervida identified a cell phone, and the second conduct report for possession of controlled substance (ISF-16-12-0427), in which Sergeant Fervida identified unknown items. However, the identification of a cell phone in one report and unknown items in a second report where a controlled substance is suspected but not yet verified is not conflicting or inconsistent. Nor are the statements of Sergeant Fervida exculpatory as to whether Mr. Wallace possessed and transferred a cell phone to Mr. Roberson. Similarly, the video summary identifies an "unknown item" and not a cell phone. The identification of the cell phone was made when Sergeant Fervida inspected the bunk in person, but the identity of the cell phone in the video can be inferred. Nor does the video summary, again, provide exculpatory evidence. Similarly, as to the gap of 26 minutes between the video footage

and Sergeant Fervida's inspection of the bunk, an inference can properly be made that the item placed in the hat in the video footage was the same hat and items found in the hat by Sergeant Fervida at his later inspection.

For these reasons, Mr. Wallace's challenge to the sufficiency of the evidence must be rejected.

2. Due process rights

In Mr. Wallace's reply brief, Mr. Wallace raises the claim for the first time that he believes his procedural due process rights were denied. Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Mr. Wallace has not raised any claim that he was not provided written notice of the charge, or that he was prevented from calling witnesses and presenting evidence. Rather, Mr. Wallace's sole allegation is that he was not given the opportunity to present Sergeant Fervida's second Conduct Report relating to possession of controlled substance (ISF-16-12-0427) at his hearing on possession of cell phone on December 29, 2016.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 381 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie*, 344 F.3d at 679).

The second conduct report does not provide exculpatory evidence. The second conduct report states:

> On Saturday 12/17/2016 at approximately 1350 I Sergeant K. Fervida #206 was reviewing video footage of dorm 12 South "C" side Cube 4-5 while in the Captains Office. Upon reviewing the video footage I Sergeant K. Fervida observed the following. Offender Wallace, Johnta #988350 at approx. 1324, reached in his shorts with his right hand and pulled out unknown objects and placed it in offender Roberson, Spencer #965201 blue knitted hat. Offender Roberson #965201 opened his blue knitted hat, so that offender Wallace #988350 could place the unknown objects in the blue knitted hat at bunk 12S-49LC. After reviewing the video footage I Sergeant K. Fervida went to 12S-49LC and searched the property and found a blue knitted hat. Upon searching the blue knitted hat I Sergeant K. Fervida found a Vogue Phone black and green cellular device with IME/1: 358180225473071 and IME/2: 358180225574084, I also found a white powdery substance folded in paper that appeared to be in magazine paper. I Sergeant K. Fervida notified offender Wallace, Johnta #988350 of this conduct report and identified him by his State issued identification

Dkt. No. 1-1 at 2.

The second conduct report is largely duplicative of the conduct report at issue here. The only differences between the first conduct report and second conduct report are that (1) the first conduct report identified a "cellular device" while the second conduct report identifies "unknown objects" and (2) the cellular device is further described in the second report as a Vogue Phone. Neither of these differences is material or exculpatory. Regardless of the reasons for the differences in the conduct report, because the evidence was neither material nor exculpatory, Mr. Wallace's due process claim is also rejected.

3. <u>Impartial Hearing Officer</u>

In Mr. Wallace's reply brief, Mr. Wallace appears to suggest that there was some impropriety in the video review done by Sergeant Hughett, who was also the D.H.B. hearing officer. A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Here, there is no suggestion that Sergeant Hughett was involved in the factual events underlying the disciplinary charges. Moreover, the Court agrees with Sergeant Hughett's summary of the video and finds it to be impartial and fair. Thus, to the extent Mr. Wallace was challenging the impartiality of the hearing officer, the claim must also be rejected.

4. <u>Written Decision Reasoning</u>

Finally, in Mr. Wallace's reply brief, Mr. Wallace states that the hearing officer's written reason for her determination was "inadequate for finding guilt based upon her own obversation and written explaination of what she sees or does not see in the video review as well as the

conflicting statements by Sgt. Fervida." Dkt. No. 16 at 6. "Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.'" *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (quoting *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)). The written-statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* But "[o]rdinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). The purpose of this requirement is to allow "a reviewing court . . . [to] determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Id.*

The written statement of decision by the hearing officer states that she considered the staff reports, Mr. Wallace's statement, Mr. Roberson's statements, and the video evidence in reaching her decision. Dkt. No. 11-7 at 1. The hearing officer further wrote that she found "conduct to be true and factual." *Id.* Thus, it is clear that she had reviewed all of the relevant evidence in reaching her conclusion. Accordingly, an adequate written statement was provided, and Mr. Torres is not entitled to habeas relief on this claim.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Owens to the relief he seeks. Accordingly, Mr. Wallace's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/31/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHNTA WALLACE
988350
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov